**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

UTICA MUTUAL INSURANCE COMPANY,

                      Plaintiff,            6:12-cv-00196 (BKS/ATB)

v.

MUNICH REINSURANCE AMERICA, INC.,

                      Defendant.

---

MUNICH REINSURANCE AMERICA, INC.,

                      Plaintiff,            6:13-cv-00743 (BKS/ATB)

v.

UTICA MUTUAL INSURANCE COMPANY,

                      Defendant.

---

**Appearances:**

Mary Beth Forshaw
Christopher G. Lee
Simpson, Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
For Utica Mutual Insurance Company

Syed S. Ahmad
Hunton & Williams LLP
2200 Pennsylvania Avenue NW
Washington, D.C. 20037
For Utica Mutual Insurance Company

Bruce M. Friedman
Crystal D. Monahan
Jason B. Eson
Rubin, Fiorella & Friedman LLP
630 Third Avenue, 3rd Floor
New York, NY 10017
For Munich Reinsurance America, Inc.

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

These related diversity breach of contract actions arise from Utica Mutual Insurance Company's ("Utica") attempts to seek payment from Munich Reinsurance America, Inc. ("Munich") under the terms of the facultative reinsurance certificates Munich issued to Utica in 1973 (12-cv-196) ("*Utica I*") and 1977 (13-cv-743) ("*Utica II*").[1] Presently before the Court is Utica's motion for reconsideration (Dkt. No. 330) of two aspects of the Court's March 20, 2018 Memorandum-Decision and Order ("March 20, 2018 Decision") concerning the parties' motions for summary judgment. (Dkt. No. 329). The Court heard argument on the motion on May 18, 2018. For the reasons that follow, Utica's motion for reconsideration is denied.

---

[1] For convenience, unless otherwise specified, docket citations are to the filings in 6:12-cv-196.

## II. PROCEDURAL AND FACTUAL BACKGROUND

The Court assumes familiarity with the procedural and factual background of this case, as set forth in its March 20, 2018 Decision.[2] (*See* Dkt. No. 329).

## III. MOTION FOR RECONSIDERATION

### A. Standard of Review

In general, a motion for reconsideration may only be granted upon one of three grounds: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). When adjudicating a motion for reconsideration, a court need not consider arguments that were raised for the first time in the pending motion. *See Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015); *Gun Hill Rd. Serv. Station v. ExxonMobil Oil Corp.*, No. 08-cv-7956, 2013 WL 1804493, at *1, 2013 U.S. Dist. LEXIS 63207, at *3–4 (S.D.N.Y. Apr. 18, 2013). Moreover, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Gun Hill Rd. Serv. Station*,

---

[2] As it did in the March 20, 2018 Decision, the Court refers to the 1973 facultative reinsurance certificate as "1973 Certificate," the 1977 facultative reinsurance certificate as "1977 Certificate," the 1973 umbrella policy as "1973 Umbrella," and the 1977 umbrella policy as "1977 Umbrella." (Dkt. No. 329, at 4).

3

2013 WL 1804493, at 1, 2013 U.S. Dist. LEXIS 63207, at *3. "The standard for reconsideration is strict and is committed to the discretion of the court." *SEC v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010) *aff'd sub nom. Smith v. SEC*, 432 F. App'x 10 (2d Cir. 2011); *see also New York v. Parenteau*, 382 F. App'x 49, 50 (2d Cir. 2010) ("A motion for reconsideration is 'generally not favored and is properly granted only upon a showing of exceptional circumstances.'" (quoting *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004))).

### B.     Extrinsic Evidence

In the March 20, 2018 Decision, the Court found that the expense provisions in paragraphs 1 and 3 of the Certificates were ambiguous and observed that the parties did not submit extrinsic evidence on that issue. (Dkt. No. 329, at 40–41). Utica argues that reconsideration is warranted because the Court failed to acknowledge the testimony of Michael Frantz, the Senior Claims Officer responsible for Munich's Reinsurance Division, and thus "overlooked . . . compelling extrinsic evidence." (Dkt. No. 330-1, at 4). The testimony Utica refers to is the following:

> Q.   [Is] there[] any reference, specific, general or otherwise, [in paragraph 1] about Munich Re's liability for defense costs[?]
>
> A.   Not specifically, no.
> . . .
> Q.   So if one was trying to determine when Munich Re is liable to reimburse Utica for defense costs, one would have to look at paragraph 3?
>
> A.   I'd say yes.

(Dkt. No. 321-1, at 5).

4

Frantz's testimony appears to concern which paragraph in the Certificates one should consult regarding defense costs and sheds no light on the ambiguity identified by the Court with respect to paragraphs 1 and 3 of the Certificates. Thus, this evidence would in no way alter the conclusion the Court previously reached on this matter. Accordingly, reconsideration is denied.

### C. Allocation—Aggregate Limits

Utica asserts that the "Court also overlooked Utica's motion on . . . allocation based on the primary policies that Utica issued to Goulds being subject to aggregate limits." (Dkt. No. 330-1, at 10). Utica argues that its "pro-rata allocation renders Munich's arguments about aggregate limits in the primary policies irrelevant." (*Id*.). The Court, however, understands Munich's argument to be that: (1) if the primary policies contained no aggregate limits, it is possible that they would not have been exhausted and the umbrella policies would not be in play (Dkt. No. 333, at 15);[3] and (2) in the settlement, in return for an Goulds' agreement that the primary policies contained aggregate limits, Utica, which had already paid Goulds millions in loss under the umbrella policies, reset the amount paid under the umbrella policies to zero, paid the specified loss amounts for each umbrella to Goulds, billed Munich for its share of the loss and then billed Munich (improperly) for the amounts it paid in the settlement under the guise of defense costs. (*Id*. at 17 n.21). Until these underlying issues are resolved, the Court declines to reach the issue of the propriety of Utica's allocation. Accordingly, as Utica has failed to show

---

[3] Munich has already paid its share of the loss ($5 million under the 1973 Certificate and $1 million under the 1977 Certificate) and only challenges its liability for defense costs in these actions.

that reconsideration is required to correct a clear error or prevent manifest injustice, its motion is denied.

## IV. CONLUSION

For these reasons, it is

**ORDERED** that Utica's motion for reconsideration (Dkt. Nos. 330 and 269) are **DENIED.**

**IT IS SO ORDERED.**

Dated: May 23, 2018

Brenda K. Sannes
U.S. District Judge