UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UTICA MUTUAL INSURANCE COMPANY,  :
:
    Plaintiff,  :
:
v.  :
:  No. 6:12-CV-00196 (BKS/ATB)
MUNICH REINSURANCE AMERICA, INC.,  :
:
    Defendant.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MUNICH REINSURANCE AMERICA, INC.,  :
:
    Plaintiff,  :
:
v.  :  No. 6:13-CV-00743 (BKS/ATB)
:
UTICA MUTUAL INSURANCE COMPANY,  :
:
    Defendant.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**<u>UTICA'S BRIEF IN SUPPORT OF MOTION IN LIMINE NO. 1:
EXPENSE OBLIGATION</u>**

HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955-1500

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Attorneys for Utica Mutual Insurance Company*

## **TABLE OF CONTENTS**

                                                                                                       **Page**

I.      INTRODUCTION .................................................................................................................1

II.     ARGUMENT .......................................................................................................................1

III.    CONCLUSION....................................................................................................................3

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ball v. A.O. Smith Corp.*,
    451 F.3d 66 (2d Cir. 2006)............................................................................................1

*Employers Insurance Co. of Wausau v. American Re-Insurance Co.*,
    256 F. Supp. 2d 923 (W.D. Wisc. 2003)..............................................................1, 2, 3

*Henry v. Wyeth Pharm., Inc.*,
    616 F.3d 134 (2d Cir. 2010)...........................................................................................3

*Kogut v. Cty. of Nassau*,
    789 F.3d 36 (2d Cir. 2015)............................................................................................3

**Other Authorities**

Fed. R. Evid. 401 ..............................................................................................................3

Fed. R. Evid. 402 ..............................................................................................................3

I. INTRODUCTION

Munich argues that it is obligated to pay expense under the certificates if and only if the reinsured umbrella policies required Utica to pay expense. But Munich already raised—and lost—this argument in another case. *Employers Insurance Co. of Wausau v. American Re-Insurance Co.*, 256 F. Supp. 2d 923 (W.D. Wisc. 2003). It is now collaterally estopped from re-litigating the same issue again. As a result, the Court should bar evidence and arguments related to Munich's and Utica's expense obligations, which includes evidence and arguments about the expense provisions in the Utica umbrella policies, the endorsement to the 1973 umbrella policy, the erosion tracking provisions in the settlement agreement, and reimbursement of amounts previously paid under the 1977 certificate. The Court should address this motion at the outset of the pretrial hearing because granting the motion will streamline the pretrial and trial proceedings and render moot numerous arguments by the parties, the anticipated use of dozens of exhibits, and the need for testimony by numerous witnesses related to the issues Munich has raised.

II. ARGUMENT

Munich argues that its certificates require it to pay expense only if the policies reinsured under the certificates require payment of those expenses. Munich's argument, however, is barred by the court's decision *Employers* because

(1) Munich raised the identical argument in *Employers*;

(2) the argument was actually litigated and decided in *Employers*;

(3) Munich had a full and fair opportunity to litigate the argument in *Employers*; and

(4) the resolution of the argument was necessary to support a valid and final judgment on the merits.

*See Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) ("Federal principles of collateral estoppel, which we apply to establish the preclusive effect of a prior federal judgment, require

1

that (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.").

With respect to the first element, Munich's arguments here and in *Employers* are identical. *Compare Employers*, 256 F. Supp. 2d at 926 (the "major premise" of the argument by American Re (now known as Munich) was that "expenses do not include amounts that fall outside the circumscribed provisions of the policy" reinsured by Munich), *with* Dkt. 305 at 24 ("Defense costs are allocated loss adjustment expenses ("ALAE"), payable only if Utica has an obligation under the reinsured policy to pay them.").

With respect to the second element, the argument was actually litigated and decided in *Employers*. The Court found that Munich's argument was "obviously false." *Employers*, 256 F. Supp. 2d at 926.

With respect to the third element, Munich had a full and fair opportunity to litigate the argument in *Employers* given that the parties in that case fully briefed the argument as a result of cross motions for summary judgment. *Id.*

With respect to the fourth element, the resolution of the argument was necessary to support a valid and final judgment on the merits since without resolving Munich's argument, the court in *Employers* would not have been able to grant summary judgment against Munich. *Id.*

Accordingly, *Employers* collaterally estops Munich from arguing that the certificates obligate Munich to pay expense only if the reinsured policy covers expense.

Because Munich is collaterally estopped from arguing that it is obligated to pay expense only if the reinsured policies cover expense, any evidence or argument related to that issue will

have no tendency to make a fact that is of any consequence in determining Munich's liability more or less probable and must be excluded. *See Kogut v. Cty. of Nassau*, 789 F.3d 36, 46 (2d Cir. 2015) ("Evidence is relevant if . . . it has any tendency to make a fact" that is "of consequence in determining the action . . . more or less probable than it would be without the evidence." (quoting Fed. R. Evid. 401)); *see also Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010) ("Evidence should be excluded if it is irrelevant . . . ." (citing Fed. R. Evid. 402)).

As a result, the Court should bar evidence and arguments about Munich's obligation to pay expense and its theories about Utica's obligation to pay expense under the reinsured 1973 and 1977 umbrella policies. For instance, Munich disputes Utica's interpretation of the not "covered by" provision in the umbrella policies. But that dispute is academic because Munich is required to pay expense incurred by Utica regardless, as *Employers* makes clear. Likewise, Munich claims that it was not provided notice of the endorsement to the 1973 umbrella policy, which is irrelevant if Munich is obligated to pay expense as the *Employers* court determined. Moreover, Munich's arguments about the erosion tracking provisions in the Goulds settlement agreement are of no consequence because Munich's obligation to pay expense exists independent of Munich's view about the Goulds settlement. Finally, if Munich is obligated to pay expense incurred by Utica, as required based on *Employers*, then it is not entitled to reimbursement from Utica under the 1977 certificate.

### III. CONCLUSION

As shown above, Munich has fully litigated and lost its "obviously false" interpretation of the certificates that the certificates obligate Munich to pay expense only if the reinsured policies cover that expense and is collaterally estopped from making that same argument here. Accordingly, the Court should grant Utica's motion.

| | |
|---|---|
| Dated: June 5, 2018 | HUNTON ANDREWS KURTH LLP |
| | /s/ Syed. S. Ahmad |
| | Syed S. Ahmad (NDNY Bar No. 602911)<br>Hunton Andrews Kurth LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>Tel: (202) 955-1500<br>sahmad@huntonak.com |
| | Mary Beth Forshaw (NDNY Bar No. 519855)<br>Christopher G. Lee (NDNY Bar No. 520040)<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 455-2000<br>mforshaw@stblaw.com<br>cglee@stblaw.com |
| | *Attorneys for Utica Mutual Insurance Company* |

4