**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

UTICA MUTUAL INSURANCE COMPANY,

                        Plaintiff,              6:12-cv-00196 (BKS/ATB)

v.

MUNICH REINSURANCE AMERICA, INC.,

                        Defendant.

---

MUNICH REINSURANCE AMERICA, INC.,

                        Plaintiff,              6:13-cv-00743(BKS/ATB)

v.

UTICA MUTUAL INSURANCE COMPANY,

                        Defendant.

---

**Appearances:**

*For Utica Mutual Insurance Company:*
Syed S. Ahmad
Patrick M. McDermott
Latosha M. Ellis
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037

*For Munich Reinsurance America, Inc.:*
Bruce M. Friedman
Crystal D. Monahan
Jason B. Eson
Rubin, Fiorella, Friedman & Mercante LLP
630 Third Avenue, 3rd Floor
New York, NY 10017

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

These related actions arise from Utica Mutual Insurance Company's ("Utica's") billings to Munich Reinsurance America, Inc. ("Munich") under the terms of the facultative reinsurance certificates Munich issued to Utica in 1973 (12-cv-196) ("*Utica I*") and 1977 (13-cv-743) ("*Utica II*"). Following a ten-day bench trial in July 2018, the Court found that Munich was entitled to judgment in *Utica I* and Utica was entitled to judgment in *Utica II*. *Utica Mutual Ins. Co. v. Munich Reinsurance Am., Inc.,* 381 F. Supp. 3d 185 (N.D.N.Y. 2019). Utica filed a motion for a bill of costs as the prevailing party in *Utica II*, (*Utica II,* Dkt. No. 392), which Munich opposes. (*Utica II,* Dkt. No. 393). Munich filed a motion for a bill of costs as the prevailing party in *Utica I*, (*Utica I,* Dkt. No. 462), which Utica opposes. (*Utica I,* Dkt. No. 465). For the following reasons, both Utica's and Munich's bills of cost are denied.

**II.    BACKGROUND**

The Court assumes familiarity with the facts of these cases from its memorandum-decision and order, and will discuss only those facts relevant to the disposition of Utica and Munich's bills of costs.

On January 27, 2012, Utica filed its action in *Utica I*, seeking judgment in the amount of $2,760,533.96 from Munich. (*Utica I,* Dkt. No. 1).[1] On January 10, 2013 Munich filed *Utica II*, seeking judgment in the amount of $789,813.47. (*Utica II,* Dkt. No. 1). These cases both centered on Utica's billings to Munich and had overlapping questions of fact. According to Utica, "every single deposition was taken as a part of both cases." (*Utica II,* Dkt. No. 395, at 5).

---

[1] Utica originally sought $3,283,304.55, but later reduced the amount it sought. (Dkt. No. 311, ¶ 20).

Additionally, Utica and Munich "agreed to each assume a 50% share of the trial transcript costs." (*Utica II,* Dkt. No. 393, at 5). The cases were tried together during a ten-day bench trial in July 2018. On March 29, 2019, the Court issued a memorandum-decision and order for both cases collectively. *Utica Mutual*, 381 F.Supp.3d 185. The Court found that Munich "is not liable for any additional monies to Utica . . . [and] is entitled to judgment in *Utica I*." *Id.* at 188. The Court further found that Utica "was entitled to judgment in *Utica II*" because "[e]ven assuming that Munich's liability under the 1977 Certificate is limited to the $1 million policy limit . . . the voluntary payment doctrine bars Munich from recovering the loss and declaratory judgment expenses it has already paid Utica." *Id.*

On April 29, 2019, at 11:53 p.m., Utica filed a motion for a bill of costs in the amount of $54,759.55 as the prevailing party in *Utica II*. *(Utica II,* Dkt. No. 392; Dkt. No. 393-2).[2] On April 30, 2019, Munich filed a motion for a bill of costs in the amount of $52,685.87 as the prevailing party in *Utica I*. (*Utica I,* Dkt. No. 462).

## III. APPLICABLE STANDARDS

Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." "[T]he Supreme Court has held that the term 'costs' includes only the specific items enumerated in 28 U.S.C. § 1920," *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016), which provides that the following costs are taxable: (1) fees of the clerk and marshal; (2) fees for transcripts "necessarily obtained for use in the case"; (3) fees for printing and witnesses; (4) fees

---

[2] On December 10, 2019, Utica submitted an amended bill of cost in the amount of $42,709.65 for *Utica II*, based on a disposition and award of fees in a related case. (Dkt. No. 398).

for exemplification and copying costs "where the copies are necessarily obtained for use in the case"; (5) docketing fees under 28 U.S.C. § 1923; and (6) fees for court-appointed experts and interpreters. 28 U.S.C. § 1920. "The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." *Cohen v. Bank of N.Y. Mellon Corp.*, No. 11-cv-0456, 2014 WL 1652229, at *1, 2014 U.S. Dist. LEXIS 57829, at *2 (S.D.N.Y. Apr. 24, 2014) (quoting *John G. v. Bd. of Educ.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995)).

"[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270. Thus, to overcome the presumption that the prevailing party's costs will be awarded, the "'losing party [then] has the burden to show that costs should not be imposed' for equitable reasons, such as 'misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources.'" *Cohen*, 2014 WL 1652229, at *1, 2014 U.S. Dist. LEXIS 57829, at *3 (quoting *Whitfield*, 241 F.3d at 270). A court, however, "is not required to adjust or deny costs based on any of these reasons," *Caravalho v. City of New York*, No. 13-cv-4174, 2018 WL 5312886, at *3, 2018 U.S. Dist. LEXIS 184103, at *7 (S.D.N.Y. Oct. 26, 2018), and "[t]he decision to award costs to a prevailing party under Fed. R. Civ. P. 54(d) rests within the sound discretion of the district court." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

## IV. DISCUSSION

### A. Utica's Bill of Costs

Utica seeks $42,709.65 in costs associated with defending *Utica II*. (*Utica II,* Dkt. No. 398-1).[3] Munich asks the Court to use its discretion to deny Utica's bill of costs because Munich

---

[3] Utica originally sought $54,749.55 in costs. (*Utica II,* Dkt. No. 392). It then submitted an amended bill of costs after being awarded costs in a related case, *Utica Mutual Insurance Co. v. Century Indemnity Co.*, No. 13-cv-995 (N.D.N.Y.

4

expected "that costs would be cut down the middle, a 'wash' to both parties" because Munich's "status as the prevailing party in [*Utica I*] neutralizes the Bill of Costs and renders this exercise unnecessary." (*Utica II,* Dkt. No. 393, at 5). Munich did not file a bill of costs because it "expected Utica would come to the same realization." (*Utica II,* Dkt. No. 393, at 2). However, "Utica blindsided [Munich] with a last minute Bill of Costs to ensure that it could argue that any [Munich] Bill of Costs, which [Munich] had to now file to compete with Utica's, would come one day late[]." (*Utica II,* Dkt. No. 393, at 2).[4] Utica, on the other hand, contends that "Munich's failure to timely file for costs in another case is no basis to deny Utica's timely filed bill of costs in this case" because *Utica II* was a "separate case [that] was initiated by Munich" and Utica prevailed. (*Utica II,* Dkt. No. 395, at 7).

B.  **Munich's Bill of Costs**

Munich filed an untimely bill of costs in the amount of $52,685.87 as the prevailing party in *Utica I*. (*Utica I,* Dkt. No. 462). Utica argues that the Court should not award costs to Munich because its filing was untimely under Local Rule 54.1(a). (*Utica I,* Dkt. No. 465, at 1). Munich asks the Court to exercise its discretion to allow for its "minimal, inconsequential delay" in filing because it is the "'prevailing party' in the overall context of the litigation" but had "forego[ne] pursuing costs, since each party could make a reasonable argument to be the prevailing party in one of the respective litigations" until "Utica's last minute gamesmanship and request for costs."

---

Dec. 4, 2019). Because "overlapping costs arose" in the two cases, in its amended bill of costs Utica "withdr[ew] the overlapping costs that were awarded in *Century*." (*Utica II,* Dkt. No. 398). Munch "does not oppose Utica's withdrawal of overlapping costs." (*Utica II,* Dkt. No. 399).

[4] Munich also argues that if the Court grants Utica's bill of costs, it should either (1) apportion 78% of the overall costs to Munich because it is "the prevailing party in the overall context of the Litigations" and "prevailed on 78% of the total amount at issue," (*Utica II,* Dkt. No. 393, at 6–7), or (2) reduce Utica's bill of costs by 50% because "the invoices supporting Utica's filing clearly express that they relate to both [*Utica I*] and [*Utica II*]" and Utica only prevailed in *Utica II*. (*Utica II,* Dkt. No. 393, at 7). Given the Court's denial of Utica's bill of costs, the Court expresses no opinion as to these arguments.

(*Utica I,* Dkt. No. 466, at 2–3). Munich therefore requests 78% of the total taxable costs associated with the *Utica I* and *Utica II* litigations ($41,094.98), because the Court should "apportion costs commensurate with the value of the respective litigations." (*Utica I,* Dkt. No. 466, at 3).

Rule 54(d)(1) does not specify a time frame for when the prevailing party must file its bill of costs. However, under Local Rule 54.1(a), "[t]he party entitled to recover costs shall file, within thirty (30) days after entry of judgment, a verified bill of costs." Failure to do so "within the time provided for in this Rule shall constitute a waiver of the taxable costs." Local Rule 54.1(c). Yet this "thirty-day time frame is not jurisdictional," and courts "ha[ve] discretion to ignore [the prevailing party's] failure to comply with the Local Rules." *Gibson v. CSX Transportation, Inc.*, No. 07-cv-156, 2009 WL 10680308, at *1–2, 2009 U.S. Dist. LEXIS 141369, at *2–3 (N.D.N.Y. June 9, 2009). Though Utica argues that the Court cannot exercise its discretion and consider Munich's bill of costs, the Court disagrees. *See id.*[5]

**C.     Discussion**

Considering the unusual procedural posture and history of these cases, the Court exercises its discretion to deny both parties' bill of costs. Though *Utica I* and *Utica II* were separate cases, much of the discovery, depositions, and trial testimony were relevant to both cases. Utica's argument that its "costs did not double as a result of [*Utica I*]" because of the many overlapping issues acknowledges as much. (*Utica II,* Dkt. No. 395, at 4–5). The Court also notes that the coverage issue generated the most significant litigation in both cases, and Utica did not prevail on that issue. *See Utica Mutual*, 381 F. Supp.3d at 193 n.20,  208–13. Therefore, to

---

[5] Munich also argues that the Court "should permit a late filing for 'excusable neglect' under the four-part test enunciated in *Pioneer Investment Services Co. v. Brunswick Associates, L.P.*, 507 U.S. 380 (1993)." Due to the Court's denial of Utica's bill of cost, equities do not favor excusing Munich's delayed filing.

award Utica costs for *Utica II* as the prevailing party would lead to the inequitable result of awarding costs to the non-prevailing party in *Utica I*. Given the difficulty in parsing the costs of *Utica I* from *Utica II* and the overall similarity of Utica's and Munich's costs, (*Utica I,* Dkt. No. 462; *Utica II,* Dkt. No 398), the Court finds it appropriate to exercise its discretion to deny both parties' bills of costs for equitable reasons.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Utica's motions for costs in *Utica II* (13-cv-432: Dkt. Nos. 392, 398) are **DENIED**; and it is further

**ORDERED** that Munich's motion for costs in *Utica I* (12-cv-196: Dkt. No. 462) is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 27, 2020
        Syracuse, New York